# BUELL DECLARATION EXHIBIT 1

# EXHIBIT A-1 TO STIPULATION OF SETTLEMENT

# (LONG FORM NOTICE)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 9:18-cv-81448-SINGHAL**

JENNIFER TUNG, Individually and on Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

DYCOM INDUSTRIES, INC., STEVEN E.
NIELSEN and ANDREW DEFERRARI,

      Defendants.

_____/

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED**
**CLASS ACTION SETTLEMENT, AND MOTION FOR**
**ATTORNEYS' FEES AND EXPENSES**

**[Exhibit A-1 to**
**the Stipulation and Agreement on Settlement, dated June 25, 2020 (the "Stipulation")]**

**If you purchased or otherwise acquired Dycom Industries, Inc. ("Dycom") common stock during the period from November 20, 2017 through August 10, 2018, inclusive, (the "Class Period"), you may be entitled to a payment from a class action settlement.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

• The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses.  This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.[1]

• If approved by the Court, the proposed Settlement will create a $9,500,000 settlement fund, plus earned interest, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

_____

[1]   All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation.

- The Settlement resolves claims by the Court-Appointed Lead Plaintiff Boston Retirement System ("Lead Plaintiff") that have been asserted on behalf of the proposed Settlement Class against Dycom Industries, Inc. ("Dycom," or "the Company"), Steven E. Nielsen, and Andrew DeFerrari (collectively, "Defendants").

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM FORM BY _____, 2020** | The <u>only</u> way to get a payment.  *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2020** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants or the other Released Defendant Parties concerning the Released Claims.  *See* Question 11 below for details. |
| **OBJECT BY _____, 2020** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the Fee and Expense Application.  If you object, you will still be a member of the Settlement Class.  *See* Question 15 below for details. |
| **GO TO A HEARING ON _____, 2020 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2020** | Ask to speak in Court at the Settlement Hearing about the Settlement.  *See* Question 19 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

**SUMMARY OF THE NOTICE**

**<u>Statement of the Settlement Class's Recovery</u>**

1.  Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $9,500,000 (the "Settlement Amount"), which will be deposited into an Escrow Account, which may earn interest (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members

according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is set forth on page 18 below.

**Estimate of Average Amount of Recovery Per Share**

2.      Based on Lead Plaintiff's consulting damages expert's estimate of the number of shares of Dycom common stock eligible to participate in the Settlement, and assuming that all such investors eligible to participate do so, Lead Plaintiff estimates that the average recovery would be approximately $0.88 per allegedly damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses). If the Court approves the Fee and Expense Application (discussed below), the average recovery would be approximately $0.59 per allegedly damaged share.[2] **Please note, however, that these average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.** An individual Settlement Class Member's actual recovery will depend on for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased or otherwise acquired shares of Dycom common stock during the Class Period; and (iv) whether and when the Settlement Class Member sold the securities. *See* the Plan of Allocation beginning on page 18 for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to be Litigated**

3.      The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, for example: (i) whether the statements allegedly made or facts allegedly omitted were false or misleading, material, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the price of Dycom common stock was allegedly artificially inflated (if at all) during the Class Period; (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of Dycom common stock

---

[2] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

during the Class Period; and (v) whether or not Defendants' allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

4.      Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of rule, regulation, or law, and deny that Lead Plaintiff and the Settlement Class suffered damage or were otherwise harmed by the conduct alleged in the Action.  While Lead Plaintiff believes it has meritorious claims, it recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

5.      Lead Counsel, on behalf of themselves and other Plaintiff's Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 29% of the Settlement Fund, which includes any accrued interest.  Lead Counsel will also apply for payment of litigation expenses incurred by Plaintiff's Counsel in prosecuting the Action in an amount not to exceed $350,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.29 per allegedly damaged share of Dycom common stock. A copy of the Fee and Expense Application will be posted on www.DycomIndustriesSecuritiesSettlement.com after it has been filed with the Court.

**Reasons for the Settlement**

6.      For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).  For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to avoid the further expense, inconvenience, and burden of this Action, and the distraction and diversion of personnel and resources.

**<ins>Identification of Attorneys' Representatives</ins>**

      7.     Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Thornton Law Firm LLP, Guillaume Buell, 1 Lincoln Street, Boston, MA 02111, www.tenlaw.com, settlementquestions@tenlaw.com; and Levi & Korsinsky LLP, Shannon Hopkins, 1111 Summer Street, Suite 403, Stamford, CT 06905, www.zlk.com, 212-992-4523.

      8.     Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: c/o A.B. Data, Ltd., P.O. Box 173105, Milwaukee, WI 53217, 1-866-905-8127, or Lead Counsel, or visiting the Settlement website at www. DycomIndustriesSecuritiesSettlement.com.

**Please Do Not Call the Court with Questions About the Settlement.**

**[END OF PSLRA COVER PAGE]**

## BASIC INFORMATION

| **1.  Why did I get this Notice?** |
| --- |

9.      You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired shares of Dycom common stock during the Class Period of November 20, 2017 through August 10, 2018, inclusive, and may be a Settlement Class Member.  This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.  Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  **If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.  *See* Question 8 below.**

10.      The Court directed that this Notice be sent to Settlement Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

11.      The Action consists of two related cases known as *Possick* v. *Dycom Industries, Inc., et al.*, No. 9:18-cv-81480-RAS (the "*Possick* Action") and *Tung* v. *Dycom Industries, Inc., et al.,* Case No. 9:18-cv-81448-RAS (the "*Tung* Action").  The Court in charge of the Action is the United States District Court for the Southern District of Florida.  The Action is assigned to the Honorable Raag Singhal, United States District Judge.

| **2.  What is this case about and what has happened so far?** |
| --- |

12.      Dycom provides specialty contracting services to telecommunications providers throughout the United States.  Lead Plaintiff claims that Defendants violated the federal securities laws by concealing problems and delays with certain customer contracts.

13.      Lead Plaintiff alleges that the market began to learn of Defendants' alleged misrepresentations when, on May 22, 2018, Dycom issued a press release reporting its first quarter fiscal 2019 results.  According to the Complaint, Dycom acknowledged that it was experiencing project delays material enough to revise its guidance downward due to "the anticipated timing of activity on large customer programs and the related impacts on revenues and margins."   The market allegedly learned more on August 13, 2018 when Dycom disclosed that its revenues and results for the quarter ended July 28, 2018 were well below previous guidance and that the

Company was suffering from "large-scale deployments that were slower than expected during the quarter due to customer timing and tactical considerations and margins that were pressured from under-absorption of labor and field costs at a lower revenue level."

14.     On October 25, 2018, the *Tung* Action was filed in the United States District Court for the Southern District of Florida on behalf of all investors who purchased or otherwise acquired Dycom common stock from November 20, 2017 through August 10, 2018, inclusive. On October 30, 2018, the *Possick* Action was also filed in this Court seeking the same relief. On January 11, 2019, the Court issued an Order consolidating the *Possick* Action with the *Tung* Action and ordered all future filings to be in the *Tung* Action. On January 11, 2019, the Court issued an Order: (i) appointing the Boston Retirement System as Lead Plaintiff for the proposed class; and (ii) appointing Thornton Law Firm LLP and Levi & Korsinsky LLP as Lead Counsel, and Cullin O'Brien Law, P.A. as Liaison Counsel. On March 13, 2019, Lead Plaintiff filed an Amended Class Action Complaint, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and United States Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, against Defendants, on behalf of itself and all other persons similarly situated who purchased or otherwise acquired Dycom common stock during the period from November 20, 2017 through August 10, 2018, inclusive.

15.     Defendants filed a motion to dismiss the amended complaint on April 19, 2019, which Lead Plaintiff opposed on May 20, 2019. On June 3, 2019, Defendants filed a reply brief in further support of their motion. On January 8, 2020, with leave of the Court, Lead Plaintiff filed the operative pleading, the Second Amended Class Action Complaint (the "Complaint"). On January 22, 2020, Defendants filed a motion to dismiss the Complaint, which Lead Plaintiff opposed on February 5, 2020. On February 12, 2020, Defendants filed a reply brief in further support of their motion. On April 14, 2020, the Court denied Defendants' motion to dismiss the Complaint.

16.     On May 1, 2020, Lead Plaintiff and Defendants engaged in a full-day mediation session before retired United States District Judge Layn R. Phillips, a well-respected and highly experienced mediator.  In advance of that session, the Parties exchanged detailed mediation statements along with supporting exhibits.  By the end of the mediation session, the Parties were able to reach an agreement in principle to settle the claims against Defendants.

17.     Lead Plaintiff, through Lead Counsel, represents that it conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the

subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company and its subsidiaries, including information concerning Dycom's customers and contracts; (v) interviews of and discussions with 129 former employees of Dycom and its subsidiaries with relevant knowledge; (vi) documents produced by Defendants in connection with due diligence discovery conducted after the Mediation; and (vii) the applicable law governing the claims and potential defenses. Lead Counsel also consulted with experts on damages and loss causation issues.

| **3.  Why is this a class action?** |
| --- |

18.     In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who or which have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

| **4.  What are the reasons for the Settlement?** |
| --- |

19.     The Court did not finally decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement that will end the Action.  Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit.  However, Lead Plaintiff and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

20.     Defendants have denied and continue to deny any wrongdoing or that they committed any act or omission giving rise to any liability or violation of any rule, regulation, or law, including the U.S. securities laws.  Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action on behalf of the proposed class, including all claims in the Complaint.  Defendants also have denied, and continue to deny, *inter*

*alia*, the allegations that Lead Plaintiff or any member of the proposed class suffered damage or were otherwise harmed by the conduct alleged in the Action. Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal or release of the Action and the Released Claims.

| **5.  How do I know if I am part of the Settlement Class?** |
|---|

21.     The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below):  ***all investors who purchased or otherwise acquired Dycom common stock during the period from November 20, 2017 through August 10, 2018, inclusive, and who were damaged thereby.***

22.     Receipt of this Notice does not mean that you are a Settlement Class Member.  The Parties do not have access to your transactions in Dycom common stock.  Please check your records or contact your broker to see if you are a member of the Settlement Class.  If one of your mutual funds purchased Dycom common stock during the Class Period, that alone does not make you a Settlement Class Member.  You are a Settlement Class Member only if you individually purchased or otherwise acquired Dycom common stock during the Class Period.

| **6.  Are there exceptions to the definition of the Settlement Class and to being included?** |
|---|

23.     Yes.  There are some individuals and entities who or which are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Dycom's subsidiaries and affiliates; (iv) any Person who is or was an officer or director of Dycom or any of Dycom's subsidiaries or affiliates during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) any Person who timely and validly opts out of the Settlement Class. Also excluded from the Settlement Class are the legal representatives, heirs, successors, and assigns of any Person identified in subparagraphs (i) through (vi) above.

24.     If you sold all of your Dycom stock prior to the first alleged corrective disclosure, which occurred after the market closed on May 22, 2018, and made no subsequent purchases from November 20, 2017 through August 10, 2018, you are not a member of the Settlement Class because you were not damaged.

## THE SETTLEMENT BENEFITS

### 7.  What does the Settlement provide?

25.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Dycom, on behalf of itself and the other Defendants, has agreed to create a $9.5 million cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

### 8.  How can I receive a payment?

26.     To qualify for a payment, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You can also obtain a Claim Form from the website dedicated to the Settlement: www.DycomIndustriesSecuritiesSettlement.com, or from Lead Counsel's websites, www.tenlaw.com and www.zlk.com.  You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 905-8217 or emailing info@DycomIndustriesSecuritiesSettlement.com.  Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than _____, 2020.**

### 9.  When will I receive my payment?

27.     The Court will hold a Settlement Hearing on _____**, 2020** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

### 10.  What am I giving up to receive a payment or stay in the Settlement Class?

28.    If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a)    **"Released Claims"** means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims, contingent or absolute, mature or not mature, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other Settlement Class Member: (i) asserted in the Action; or (ii) could have asserted in the Action or any forum, domestic or foreign, that both (a) arise out of or relate to the facts and circumstances alleged in the Action; and (b) the purchase or acquisition of Dycom's publicly traded common stock during the Class Period.  Released Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) any claims asserted in the action captioned *Crenshaw* v. *Coley, et al.*., No. 18-cv-25289 (S.D. Fla.); and (iii) any claims of Persons who submit a valid and timely request for exclusion in accordance with the Stipulation that is accepted by the Court.

(b)    **"Released Defendant Parties"** means Defendants, Defendants' Counsel, and each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, and insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest, or assigns of Defendants.

(c)    "**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With

respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

29.     Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

30.     If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.  As of the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members and Plaintiffs' Counsel from the Released Defendants' claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

31.     If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal.  Also, Defendants may terminate the Settlement if Persons who purchased in excess of a certain amount of shares of Dycom common stock seek exclusion from the Settlement Class.**

| **11.  How do I exclude myself from the Settlement Class?** |
| --- |

32.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *Tung* v. *Dycom Industries, Inc., et al.,* Case No. 9:18-cv-81448 (S.D. Fla.)."  You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Dycom common stock the person or entity purchased, acquired, and sold during the period from November 20, 2017 through August 10, 2018, inclusive, as well as the dates and prices of each such purchase, acquisition and sale; (iii) state the number of shares of Dycom common stock held at the opening of trading on November 20, 2017 and the close of trading on August 10, 2018; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion must be mailed, so that it is **received no later than _____, _____,** to:

*Dycom Industries Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173105
Milwaukee, WI  53217

**Your exclusion request must comply with these requirements in order to be valid.**

33.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future, assuming your claims are timely.  If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

## THE LAWYERS REPRESENTING YOU

| 13.  Do I have a lawyer in this case? |
|---|

34.     The Court appointed the law firms of Thornton Law Firm LLP and Levi & Korsinsky LLP to represent all Settlement Class Members.  These lawyers are called "Lead Counsel."  You will not be separately charged for these lawyers.  The Court will determine the amount of Plaintiff's Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 14.  How will the lawyers be paid? |
|---|

35.     Plaintiff's Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses.  Lead Counsel will ask the Court to award Plaintiff's Counsel attorneys' fees of no more than 29% of the Settlement Fund, which will include any accrued interest.  Plaintiff's Counsel are Thornton Law Firm LLP, Levi & Korsinsky LLP, Labaton Sucharow LLP, and Cullin O'Brien Law, P.A.  No other attorneys will share in the fee awarded by the Court.  Lead Counsel will also seek payment of litigation expenses incurred by Plaintiff's Counsel in the prosecution of the Action of no more than $350,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses of Lead Plaintiff directly related to its representation of the Settlement Class.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

| 15.  How do I tell the Court that I do not like something about the proposed Settlement? |
|---|

36.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, or the Fee and Expense Application.  You can ask the Court not to approve the Settlement.  However, you cannot ask the Court to order a different settlement; the Court can only approve or deny this Settlement.  If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

37.     To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application in "*Tung* v. *Dycom Industries, Inc., et al.,* Case No. 9:18-cv-81448 (S.D. Fla.)."  Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement

Class, or the entire Settlement Class.  The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) documentation identifying the number of Dycom common stock the person or entity purchased during the Class Period, as well as the dates and prices of each such purchase.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application.  Your objection must be filed with the Court at the address below, either by mail or in person, **no later than** _____**, 2020 and** be mailed or delivered to each of the following counsel so that it is **received no later than** _____**, 2020:**

| <u>Court</u> | <u>Lead Counsel</u> | <u>Defendants' Counsel Representatives</u> |
|---|---|---|
| Clerk of the Court United States District Court Southern District of Florida U.S. Federal Building and Courthouse 299 East Broward Boulevard Fort Lauderdale, FL 33301 | Thornton Law Firm LLP Guillaume Buell 1 Lincoln Street Boston, MA 02111  Levi & Korsinsky LLP Shannon Hopkins 1111 Summer St., Ste. 403 Stamford, CT 06905 | Shearman & Sterling LLP Alan S. Goudiss 599 Lexington Avenue New York, NY 10022 |

**16.  What is the difference between objecting and seeking exclusion?**

38.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**17.  When and where will the Court decide whether to approve the proposed Settlement?**

39.      The Court will hold the Settlement Hearing on _____, _____ **at** ____ _**.m.**, in Courtroom 110 of the United States District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.  At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's Fee and Expense Application is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above.

40.      You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date or time has not changed, check the Settlement website at www.DycomIndustriesSecuritiesSettlement.com, periodically check the Court's website at https://www.flsd.uscourts.gov/, or periodically check the settlement website at www.DycomIndustriesSecuritiesSettlement.com to see if the Settlement Hearing stays as calendared or is changed.  Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**18.  Do I have to come to the Settlement Hearing?**

41.      No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than _____, 2020.**

**19.  May I speak at the Settlement Hearing?**

42.      You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 15), **no later than _____ __, 2020,** a

statement that you, or your attorney, intend to appear in "*Tung* v. *Dycom Industries, Inc., et al.*, Case No. 9:18-cv-81448 (S.D. Fla.)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

### IF YOU DO NOTHING

| **20.  What happens if I do nothing at all?** |
| --- |

43.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue or be part of any other lawsuit against Defendants and the other Released Defendants' Parties concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 11 above).

### GETTING MORE INFORMATION

| **21.  Are there more details about the Settlement?** |
| --- |

44.     This Notice summarizes the proposed Settlement. More details are in the Stipulation. Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than _____, 2020 and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

45.     You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court, Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Fort Lauderdale, FL 33301, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

46.    You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll free at (866) 905-8127; writing to the Claims Administrator at *Dycom Industries Securities Litigation,* c/o A.B. Data, Ltd. P.O. Box 173105, Milwaukee, WI 53217; or visiting the website dedicated to the Settlement, www.DycomIndustriesSecuritiesSettlement.com or the websites of Lead Counsel, www.tenlaw.com and www.zlk.com.

**Please do not call the Court with questions about the Settlement.**

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

| **22.  How will my claim be calculated?** |
| --- |

47.    As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund.  The Settlement Fund, after the deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund.  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the settlement website, www.DycomIndustriesSecuritiesSettlement.com.

48.    To design the Plan, Lead Counsel have conferred with Lead Plaintiff's consulting damages expert.  The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amounts that will actually be paid to Authorized Claimants. The Plan

of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

49.   For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the change in the price of the securities at issue.  In this case, Lead Plaintiff alleged that Defendants issued false statements and omitted material facts during the Class Period (November 20, 2017 through August 10, 2018, inclusive) that artificially inflated the price of Dycom common stock.  It is alleged that corrective information released to the market prior to market open on May 22, 2018 and August 13, 2018 impacted the market prices of Dycom common stock in a statistically significant manner and removed the alleged artificial inflation from the share prices on those days. Accordingly, in order to have a compensable loss in this Settlement, Dycom common stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosure dates.

50.   An individual Settlement Class Member's recovery will depend on, for example: (a) the total number and value of claims submitted; (b) when the claimant purchased or acquired Dycom common stock; and (c) whether and when the claimant sold his, her, or its shares of Dycom common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

51.   For purposes of determining whether a Claimant has a "Recognized Claim", purchases, acquisitions, and sales of Dycom common stock will first be matched on a First In/First Out ("FIFO") basis.  If a Settlement Class Member has more than one purchase/acquisition or sale of Dycom common stock during the Class Period, Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

52.   A "Recognized Loss Amount" will be calculated as set forth below for each purchase of Dycom common stock during the Class Period from November 20, 2017 through August 10, 2018 that is listed in the Claim Form and for which adequate documentation is

provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.  The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

53.     For each share of Dycom common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on November 9, 2018, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

54.     **For each share of Dycom common stock purchased or acquired from November 20, 2017 through and including August 10, 2018, and:**

A.  Sold before the opening of trading on May 22, 2018, the Recognized Loss Amount for each such share shall be zero.

B.  Sold after the opening of trading on May 22, 2018 and before the close of trading on August 10, 2018, the Recognized Loss Amount for each such share shall be *the lesser of*:

1.  the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

2.  the Out of Pocket Loss.

C.  Sold after the opening of trading on August 13, 2018 and before the close of trading on November 9, 2018, the Recognized Loss Amount for each such share shall be *the least of*:

1.  the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

2.  the actual purchase/acquisition price of each such share *minus* the average closing price from August 13, 2018, up to the date of sale as set forth in **Table 2** below; or

3.  the Out of Pocket Loss.

D.  Held as of the close of trading on November 9, 2018, the Recognized Loss Amount for each such share shall be *the lesser of*:

1.  the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

2.  the actual purchase/acquisition price of each such share *minus* $77.92.[3]

## TABLE 1
### Dycom Common Stock Artificial Inflation
### for Purposes of Calculating Purchase and Sale Inflation

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| November 20, 2017 – May 21, 2018 | $41.96 |
| May 22, 2018 – August 10, 2018 | $20.06 |

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

55.     Dycom common stock is the only security eligible for recovery under the Plan of Allocation.  With respect to Dycom common stock purchased or sold through the exercise of an option, the purchase/sale date of the Dycom common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

56.     Purchases or acquisitions and sales of Dycom common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Dycom common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of such securities for the calculation of a claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of such common stock unless (i) the donor or decedent purchased/acquired/sold such common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Dycom common stock during the "90-day look-back period," August 13, 2018 through November 9, 2018.  The mean (average) closing price for Dycom common stock during this 90-day look-back period was $77.92.

57.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition of Dycom common stock that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a claimant has an opening short position in Dycom common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery.  In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

58.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

59.     Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants.  Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

60.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and Attorneys' Fees and Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their initial checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after such re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and Attorneys' Fees and Expenses, if any, shall be contributed shall be contributed to the American Red Cross, subject to approval by the Court.

61.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, their damages expert, Claims Administrator, or other

agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiff, Defendants, and all other Released Defendant Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

62.     If you purchased or otherwise acquired Dycom common stock during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each such person or entity; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Notice and Claim Form directly to all such persons or entities.  If they are available, you must also provide the Claims Administer with the e-mails of the beneficial owners.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, upon request and submission of appropriate documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator: *Dycom Industries Securities Litigation*, Claims Administrator, A.B. Data, Ltd., P.O. Box 173105, Milwaukee, WI 53217,  to info@DycomIndustriesSecuritiesSettlement.com, or visiting www.DycomIndustriesSecuritiesSettlement.com.

Dated: _____, 2020             BY ORDER OF THE UNITED STATES
                                               DISTRICT COURT FOR THE
                                               SOUTHERN DISTRICT OF FLORIDA

**TABLE 2**

**Dycom Common Stock Closing Price and Average Closing Price**
**August 13, 2018 – November 9, 2018[4]**

| Date | Closing Price | Average Closing Price between August 13, 2018 and Date Shown | Date | Closing Price | Average Closing Price between August 13, 2018 and Date Shown |
|---|---|---|---|---|---|
| 8/13/2018 | $68.09 | $68.09 | 9/27/2018 | $83.87 | $80.26 |
| 8/14/2018 | $73.57 | $70.83 | 9/28/2018 | $84.60 | $80.39 |
| 8/15/2018 | $74.33 | $72.00 | 10/1/2018 | $81.62 | $80.42 |
| 8/16/2018 | $75.02 | $72.75 | 10/2/2018 | $82.95 | $80.50 |
| 8/17/2018 | $77.21 | $73.64 | 10/3/2018 | $84.03 | $80.59 |
| 8/20/2018 | $78.87 | $74.52 | 10/4/2018 | $82.62 | $80.64 |
| 8/21/2018 | $77.02 | $74.87 | 10/5/2018 | $80.05 | $80.63 |
| 8/22/2018 | $77.69 | $75.23 | 10/8/2018 | $81.71 | $80.66 |
| 8/23/2018 | $77.92 | $75.52 | 10/9/2018 | $79.87 | $80.64 |
| 8/24/2018 | $76.47 | $75.62 | 10/10/2018 | $75.76 | $80.52 |
| 8/27/2018 | $76.78 | $75.72 | 10/11/2018 | $74.71 | $80.39 |
| 8/28/2018 | $77.54 | $75.88 | 10/12/2018 | $74.99 | $80.26 |
| 8/29/2018 | $81.16 | $76.28 | 10/15/2018 | $76.94 | $80.19 |
| 8/30/2018 | $83.74 | $76.82 | 10/16/2018 | $79.79 | $80.18 |
| 8/31/2018 | $83.91 | $77.29 | 10/17/2018 | $78.52 | $80.14 |
| 9/4/2018 | $81.99 | $77.58 | 10/18/2018 | $75.26 | $80.04 |
| 9/5/2018 | $82.24 | $77.86 | 10/19/2018 | $74.27 | $79.93 |
| 9/6/2018 | $81.03 | $78.03 | 10/22/2018 | $73.39 | $79.79 |
| 9/7/2018 | $80.65 | $78.17 | 10/23/2018 | $71.66 | $79.64 |
| 9/10/2018 | $82.99 | $78.41 | 10/24/2018 | $67.32 | $79.40 |
| 9/11/2018 | $82.95 | $78.63 | 10/25/2018 | $68.57 | $79.19 |
| 9/12/2018 | $84.67 | $78.90 | 10/26/2018 | $67.05 | $78.97 |
| 9/13/2018 | $80.39 | $78.97 | 10/29/2018 | $67.36 | $78.76 |
| 9/14/2018 | $82.94 | $79.13 | 10/30/2018 | $69.11 | $78.59 |
| 9/17/2018 | $82.78 | $79.28 | 10/31/2018 | $67.88 | $78.40 |
| 9/18/2018 | $83.39 | $79.44 | 11/1/2018 | $71.34 | $78.28 |
| 9/19/2018 | $82.47 | $79.55 | 11/2/2018 | $73.80 | $78.20 |
| 9/20/2018 | $85.00 | $79.74 | 11/5/2018 | $73.85 | $78.13 |
| 9/21/2018 | $83.43 | $79.87 | 11/6/2018 | $74.61 | $78.07 |
| 9/24/2018 | $82.49 | $79.96 | 11/7/2018 | $76.01 | $78.04 |
| 9/25/2018 | $82.76 | $80.05 | 11/8/2018 | $75.31 | $77.99 |
| 9/26/2018 | $83.29 | $80.15 | 11/9/2018 | $73.56 | $77.92 |

---

[4] The 90th calendar day of the 90-day lookback period is Saturday, November 10, 2018, which was not a trading day. Therefore, Table 2 displays closing and average prices through Friday, November 9, 2018.