UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 18-cv-81448-SINGHAL

JENNIFER TUNG, Individually and on Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

DYCOM INDUSTRIES, INC., STEVEN E.
NIELSEN and ANDREW DEFERRARI,

      Defendants.

_____/

## FINAL ORDER AND JUDGMENT

**THIS CAUSE** came before the Court on the Motion for Final Approval of Class

Action Settlement. The Court having carefully reviewed the file, and being otherwise fully

advised, **ORDERS** as follows:

WHEREAS:

A.      On June 25, 2020, Boston Retirement System ("Lead Plaintiff") and all other

members of the Settlement Class, on the one hand, and Dycom Industries, Inc. ("Dycom,"

or "the Company"), Steven E. Nielsen, and Andrew DeFerrari (collectively, "Defendants"),

on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in

the above-captioned litigation (the "Action"), which is subject to review under Federal Rule

of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms

and conditions of the proposed settlement of the Action and the claims alleged in the

Second Amended Class Action Complaint, filed on January 8, 2020, on the merits and

with prejudice (the "Settlement");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action

Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered July 9, 2020 (the "Preliminary Approval Order"), as subsequently modified by order of the Court entered July 11, 2020, the Court scheduled a hearing for October 13, 2020, at 2:00 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.      The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 1, and a Proof of Claim and Release form ("Claim Form"), substantially in the form attached to the Preliminary Approval Order as Exhibit 2, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit A-3, be published in Investor's Business Daily and transmitted over AccessWire within fourteen (14) calendar days of the Notice Date;

D.      The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed with the

Court and served on counsel for the Parties such that they were received by September 22, 2020;

E.     The provisions of the Preliminary Approval Order as to notice were complied with;

F.     On September 8, 2020, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on October 13, 2020, at which time all interested Persons were afforded the opportunity to be heard; and

G.     This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.     This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on June 25, 2020; and (ii) the Notice, which was filed with the Court on June 25, 2020.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.     The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Settlement Class of: all persons and entities that

purchased or otherwise acquired shares of Dycom common stock during the period from November 20, 2017 through August 10, 2018, inclusive, and who were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Dycom's subsidiaries and affiliates; (iv) any Person who is or was an officer or director of Dycom or any of Dycom's subsidiaries or affiliates during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) any Person who timely and validly opts out of the Settlement Class. Also excluded from the definition of "Settlement Class" and "Settlement Class Members" are the legal representatives, heirs, successors, and assigns of any Person identified in subparagraphs (i) through (vi) above. There was one invalid request for exclusion, which the Court has been advised was withdrawn.

4.      Pursuant to Federal Rule of Civil Procedure 23 and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies the Boston Retirement System as Class Representative for the Settlement Class; and finally appoints the law firms of Thornton Law Firm LLP and Levi & Korsinsky, LLP as Class Counsel for the Settlement Class, and the law firm of Cullin O'Brien Law, P.A. is appointed as Liaison Counsel for the Settlement Class.

5.      The Court finds that the mailing and publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the

prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.      There have been no objections to the Settlement.

7.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      The Second Amended Class Action Complaint (the "Complaint"), filed on

January 8, 2020, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.      The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

10.     Upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, discharged, waived, and dismissed any and all Released Claims against any and all Released Defendant Parties.

11.     Upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any and all Released Defendant Parties with respect to any and all Released Claims.

12.     Upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims against any and all Released

Defendant Parties.

13.    Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, waived, and dismissed any and all Released Defendants' Claims against any and all of the Released Plaintiff Parties and shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

14.    The failure of a Settlement Class Member to submit a Proof of Claim shall have no effect on the provisions of the foregoing paragraphs 10 through 12, inclusive.

15.    This Judgment and the Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements among the Parties, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms of the Stipulation, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that

has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other

member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     The Parties are hereby directed to consummate the Stipulation and to perform its terms.

20.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

21.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance,

disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this 13th day of October 2020.

BY THE COURT:

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE